Curia per

Butler, J.
In addition to the facts stated in the report, it was admitted in the argument of this case, that defendants were opening the goods when the attachment was served on them. Of course, they then had it in their power to refuse to take such goods as were not ordered, and others charged at higher prices than they were willing to give. Instead of doing this, and giving notice to Purdy of their objection and refusal to accept the good, they received and appropriated them. Some days afterwards, but when the rights of the parties were fixed under the contract, they wrote to Purdy, intimating their dissatisfaction. By their conduct they made themselves parties to a contest which they might have left with the plaintiffs and Purdy, and have rendered themselves accountable for the value of the goods, under the terms of the contract between themselves and Purdy. They have voluntarily assumed a position which they could well have avoided, for they could have restricted their liability to pay only for the goods which they had ordered, and which they *were willing to receive at the prices specified, leaving the others in the hands of the sheriff, to be disposed of under the order and judgment of the Court. Having accepted all the goods, the defendants have given to the plaintiffs the power to insist upon and enforce Purdy’s rights, whatever they were at the time *177 the goods were received; and it was not in Purdy’s power to defeat these rights, by any arrangement, which he might chose to enter into with a view to prejudice the plaintiffs. By the voluntary act of the defendants, the plaintiffs are placed in a situation in which they can insist on their absent debtor’s strict legal rights. The question is, what are these rights, by the legal operation of the contract under which the goods were received ? The vendor sent them on with their prices specified in the invoice that accompanied them. One party says, in effect, I send you these goods, at the prices mentioned ; and if you take them, you know what you have to pay. The other party, the vendee, says, no, although I did not order these particular goods, I will take them, but I will not pay your prices, I will have the goods subject to another valuation, against your consent, and will pay you in Greenville, as much as they are estimated to be worth The one insists on his own prices, perhaps according to valuation in New York, and the other on a quantum valebat, to be determined at Greenville, the place of consignment In an action for goods sold and delivered, where no price was agreed on by the contracting parties, or where the vendor has not put a specific price on them when he sends them to the vendee, the vendor must recover, and quantum valebat to be ascertained by evidence on the trial.
But when the price has been agreed on, or where the vendor sends goods with his prices marked upon them, and they arc accepted by the vendee, the law will imply that they were taken on the vendor’s terms, unless it should appear from the course of previous dealing between the same parties, or from some custom with which both were acquainted, that the defendants had a right to reduce the prices to a quantum valebat, at the place w'here they were received. For in such case the contract might be supposed to have been made in reference to the custom or course of dealing. In the absence of these, the general principles of the law must prevail. It seems to me, that no one should be obliged to part with his property against *his consent, except on his own terms ; and if the defendants in this case can take these goods and put their own prices on them, or by the estimate of their own witnesses, can reduce the prices, the vendor might be compelled to part with his property at prices lower than he was willing to take, and below their true valuation. It is enough to say that the vendor could not compel the vendees to take the goods against their consent, upon his own terms, and it is reasonable that he shopld not be deprived of them against his consent, upon the terms of the defendants. The case stands thus between the parties : The defendants sent to Purdy for certain goods of a particular description, he sends others not ordered or contracted for, and at higher prices than were implied in the contract, and the defendants receive and appropriate them. Now, what should be law on the subject ? I have examined the cases referred to by Mr. Starkie, in his 2d vol. on Ev. p. 640, and I think he has extracted and laid down the principle correctly. “ Where there has been a special contract as to the nature, quality and price of goods, and those which have been delivered do not correspond with the contract, it is clear the vendee has a right to repudiate goods so delivered in toto ; for having contracted for one thing the vendor cannot substitute a contract for some thing else ; and therefore, if he return the goods, or give notice to the vendor to take them back, it *178 is clear the vendor cannot recover,” &c. If, however, the vendee in such cases choose to keep the goods, he cannot reduce the special contract to a mere quantum valebut, &c., he must pay the price or return the goods. The question of amendment was within the discretion of the Judge below.
In this view of the law, we think a new trial should be granted in this case, which is accordingly ordered.
O’Neall and Evans, JJ., concurred.